USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL MARTINEZ,

                    Petitioner,

             - against -

WILLIAM BROWN, Superintendent,
Eastern Correctional Facility

                    Respondent.
------------------------------------------------------------X

08 Civ. 7802 (RMB) (GWG)

**DECISION & ORDER**

## I. Background

On or about September 5, 2008, Manuel Martinez ("Petitioner") filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 against William Brown, Superintendent of the Eastern Correctional Facility ("Respondent") challenging his February 23, 2006 conviction, following a jury trial in New York State Supreme Court, Bronx County, for criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39(1) and criminal possession of a controlled substance in the third and seventh degrees in violation of New York State Penal Law §§ 220.16(1) and 220.03. (Pet. at 2.) On April 28, 2006, Petitioner was sentenced to (concurrent) terms of imprisonment of seven to fourteen years on the criminal sale count, five to ten years on the criminal possession in the third degree count, and one year on the criminal possession in the seventh degree count. (Mem. of Law in Supp. of Petition, dated Sept. 5, 2008 ("Pet.'s Mem.") at 1.)[1]

Petitioner appealed his convictions on the grounds, among others, that the trial court violated Petitioner's right to confront his accuser by allowing an undercover officer to "identify

---

[1] Petitioner is currently incarcerated at the Eastern Correctional Facility. (Pet.'s Mem. at 1.)

himself solely by his shield number" and not reveal his name when testifying. (Appellant's Reply Br., dated Aug. 22, 2007, at 1.) On October 16, 2007, the New York State Supreme Court, Appellate Division, First Department affirmed Petitioner's convictions finding, among other things, that the trial court "properly exercised its discretion in permitting the undercover officer to testify under his shield number instead of his name, and that ruling did not deprive [Petitioner] of his right of confrontation." People v. Martinez, 843 N.Y.S.2d 273, 274 (N.Y. App. Div. 1st Dep't 2007). On January 3, 2008, the New York Court of Appeals denied Petitioner leave to appeal. See People v. Martinez, 9 N.Y.3d 1035, 1035 (2008).

In the Petition, Petitioner alleges again, among other things, that he "was denied his right to confront the witnesses against him" when the undercover officer was allowed to testify by "identify[ing] himself by shield number alone despite the People's failure to show any threat to his safety by revealing his name." (Pet. at 6.)

On or about June 8, 2009, United States Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court deny the Petition because, among other reasons, "the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process" and that "the trial court had a reasonable basis for determining that the [undercover officer's] safety would be endangered by his identity being made public." (Report at 8–9 (internal quotation marks omitted).)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to serve and file any objections [i.e., no later than June 22, 2009]." (Report at 13.) On June 16, 2009, the Court extended Petitioner's time to file objections to July 2, 2009. (Order, dated June

2

18, 2009, at 2.)

On or about June 26, 2009, Petitioner filed objections ("Objections") to the Report, arguing, among other things, that the defense needed the officer's name as well as his shield number in order to direct the cross-examination "towards revealing possible biases, prejudices, or ulterior motives of the witness as they may relate . . . to the case at hand." (Obj. at 4–5.) Respondent did not file a response to Petitioner's Objections.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II. Standard of Review

As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt findings that are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Gorenstein are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide any basis for departing from the

3

Report's conclusions and recommendations.[2]

Judge Gorenstein properly concluded that "the state court's decision to allow the pseudonymous testimony was not 'contrary to' any clearly established Supreme Court case law." (Report at 9); see Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). There is "no established [rule] mandating disclosure of key witnesses' names or addresses." Nelson v. Crowley, No. 07 Civ. 849, 2009 WL 498909, at *5 (S.D.N.Y. Feb. 23, 2009); see also Alvarado v. Burge, No. 05 Civ. 1851, 2006 WL 1840020, at *2 (S.D.N.Y. June 30, 2006) ("Testifying by giving an identifying number rather than a name does not necessarily curtail any trial rights.").

And, Judge Gorenstein properly concluded that the state court's decision to allow the undercover officer to testify under his shield number instead of his name was not "an unreasonable application of [Supreme Court] case law" because "the trial court had a reasonable basis for determining that the officer's safety would be endangered by his identity being made public." (Report at 9, 12); see also Nelson, 2009 WL 498909, at *6 ("[T]he trial court's decision to allow the [u]ndercover to testify anonymously was not an unreasonable application of clearly established federal law"). As Judge Gorenstein noted, "[t]he officer was expected to work in the near future on an undercover basis and the trial court recognized that his name could be used by criminal elements to target him or his family." (Report at 9); see Van Arsdall, 475 U.S. at 679 ("[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on," among other things, a "witness's safety."); see also Carrasco v. David, No. 00 Civ. 5693, 2002 WL 1205750, at *7 (S.D.N.Y. June 4, 2002) (citing Brown v. Kuhlmann, 142 F.3d 529, 537 (2d Cir. 1998)).

---

[2]  As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. New York State Div. Of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V. Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety and the Petition is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
July 27, 2009

*RMB*
**RICHARD M. BERMAN, U.S.D.J.**